ALTONYA N. ANDERSON,
ANTHONY ANDERSON and
ALTON ANDERSON,

      Plaintiffs,

v.

NATIONAL CREDIT SYSTEMS, INC.,

      Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

NOW come ALTONYA N. ANDERSON ("AlTonya"), ANTHONY ANDERSON ("Anthony") and ALTON ANDERSON ("Alton") (collectively "Plaintiffs"), by and through the undersigned, complaining as to the conduct of NATIONAL CREDIT SYSTEMS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* the North Carolina Debt Collection Act ("NCDCA") under N.C. Gen. Stat. § 75-50 *et seq.,* and the North Carolina Consumer Protection Statute pursuant to N.C. Gen. Stat. § 75-1.1(a) *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of North Carolina, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of North Carolina.

## PARTIES

4. Plaintiffs are consumers over-the-age of 18 residing in Charlotte, North Carolina, within the Western District of North Carolina.

5. Defendant is a third-party debt collector specializing in the collection of past due apartment related debts. Defendant is a corporation organized under the laws of the State of Georgia with its principal place of business located at 3750 Naturally Fresh Boulevard, Atlanta, Georgia.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

7. Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(1)-(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of the nature of Defendant's attempt to collect on a an apartment debt alleged to be owed by Plaintiffs to FirstKey Homes.

9. Prior to December 2025, the consumer debt was allegedly in default.

10. Based on information and belief, sometime after the subject consumer debt was in default, the subject debt was charged off and placed with Defendant for collection purposes.

2

11. Thereafter, Defendant began calling AlTonya on her cellular phone number, (904) XXX-0789, numerous times seeking payment for the subject consumer debt.

12. At all relevant times to the instant action, AlTonya has been the sole subscriber, owner, and operator of the phone number ending in -0789. AlTonya is, and always has been, financially responsible for the phone and its services.

13. Defendant additionally began calling Anthony at his telephone number, (213) XXX-9185, and Alton at his telephone number, (904) XXX-3354.

14. Alton and Anthony are AlTonya's sons.

15. Defendant has primarily used the phone numbers (904) 325-9321, (404) 214-4994, (213) 205-1664, and (904) 325-9321 when placing calls to Plaintiffs, but upon information and belief, Defendant has used other numbers as well.

16. Upon information and belief, the Defendant's aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

17. On or about February 4, 2026, AlTonya answered one such call from Defendant.

18. AlTonya informed Defendant that she disputed owing the debt to Defendant, moreover, she demanded that Defendant not contact her or her sons any further regarding the debt.

19. On or about February 11, 2026, Defendant called AlTonya again regarding the subject debt, notwithstanding her clear directions that Defendant cease doing so.

20. Moreover, Defendant continued contacting Alton and Anthony well into March 2026, despite knowing such communications were unwanted.

21. Plaintiffs have suffered undue harassment as a result of Defendant's continued harassing telephone calls.

3

22. Frustrated with Defendant's conduct, Plaintiffs spoke with the undersigned regarding their rights, exhausting time and resources.

23. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress, being the target of harassing and unwarranted collection efforts, interference with personal and/or familial relationships, and a further violation of their state and federally protected interests to be free from harassing and deceptive collection conduct – interests which were materially harmed as a result of Defendant's false, deceptive, and misleading conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### PLAINTIFFS AGAINST DEFENDANT

25. Plaintiffs repeat and reallege paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a (6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

29. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692d *et seq.* and 12 C.F.R. § 1006.14. *et seq.***

30. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

4

connection with the collection of a debt." § 1692d(5) further prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

32. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiffs. Plaintiffs notified defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiffs, yet nevertheless persisted, illustrating its intent to harass Plaintiffs through its phone calls. Further, upon becoming aware of Plaintiffs' desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt from Plaintiffs – however, such calls persisted notwithstanding

Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiffs into addressing the subject consumer debt.

### b. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §§ 1692e and e(10) through its deceptive and misleading conduct surrounding its phone calls placed to Plaintiffs. Such conduct falsely represented to Plaintiffs that Defendant had the legal right to continue calling them, despite this not being the case, since under the binding regulations, Defendant was enjoined from this course of conduct.

### c. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated § 1692f through its unfair and unconscionable collection efforts directed towards Plaintiffs. It was unfair for Defendant to ignore Plaintiffs' requests that its phone calls cease and continue to place such calls all the while knowing how such calls were bothersome and unwanted by Plaintiffs.

WHEREFORE, Plaintiffs, ALTONYA N. ANDERSON, ANTHONY ANDERSON, and ALTON ANDERSON, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION ACT
#### PLAINTIFFS AGAINST DEFENDANT

38. Plaintiffs restate and reallege paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiffs are "consumer[s]" as defined by N.C. Gen. Stat. § 75-50(1).

40. Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

### a. Violations of NCDCA § 75-52

41. The NCDCA, pursuant to N.C. Gen. Stat. § 75-52 provides that "[n]o debt collector shall use any conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt."

42. Defendant violated § 75-52 of the NCDCA when it continued contacting Plaintiffs seeking payment after it was told not to contact Plaintiffs. Such conduct naturally constituted an unreasonable harassment of Plaintiffs, particularly as Defendant was aware the debt was disputed and further calls were unwanted.

### b. Violations of NCDCA § 75-54

7

43. The NCDCA, pursuant to N.C. Gen. Stat. § 75-54 provides that "[n]o debt collector shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation."

44. Defendant violated § 75-54 through the fraudulent nature of its conduct in continuing to contact Plaintiffs in efforts to collect a debt. Defendant's course of conduct in this manner naturally and deceptively misrepresented to Plaintiffs that it had the legal right to harass them notwithstanding being told not to contact them.

**b. Violations of NCDCA § 75-55**

45. The NCDCA, pursuant to N.C. Gen. Stat. § 75-55, prohibits debt collectors from using "any unconscionable means" to attempt to collect a debt.

46. Defendant violated § 75-55 of the NCDCA by attempting to collect on a debt despite being told not to contact Plaintiffs.

WHEREFORE, Plaintiffs, ALTONYA N. ANDERSON, ANTHONY ANDERSON, and ALTON ANDERSON, respectfully request that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs statutory damages, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c. Awarding Plaintiffs actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d. Awarding Plaintiffs reasonable attorneys' fees and costs, pursuant to N.C. Gen. Stat. §§ 75-56(a) and 75-16.1;

e. Enjoining Defendants from further contacting Plaintiffs; and,

f. Awarding any other relief as the Honorable Court deems just and appropriate.

8

47. Plaintiffs repeat and reallege paragraphs 1 to 46 as though fully set forth herein.

48. The subject consumer debt constitutes "commerce" as defined by the N.C. Gen. Stat. § 75-1.1(b).

49. N.C. Gen. Stat. § 75-1.1(a) states:

> "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a).

50. Defendant violated N.C. Gen. Stat. § 75-1.1(a) in much the same way it violated the NCDCA.

51. Additionally, violations of the NCDCA constitute violations of the NCCPS. *See* N.C. Gen. Stat. § 75-56(a).

WHEREFORE, Plaintiffs, ALTONYA N. ANDERSON, ANTHONY ANDERSON, and ALTON ANDERSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages, in an amount to be determined at trial, as provided under N.C. Gen. Stat. § 75-16;

c. Awarding Plaintiffs costs and reasonable attorney fees as provided under N.C. Gen. Stat. § 75-16.1;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

9

Dated: May 20, 2026

<div style="margin-left:50%">

/s/ Matthew R. Gambale
MATTHEW R. GAMBALE
N.C. Bar No. 43359
COUNSEL CAROLINA
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
matt@counselcarolina.com
T: 919.373.6422
F: 919.578.3733
*Attorneys for Plaintiff*

</div>